## DAVID OLIVER

### *v.*

### THE STATE OF ILLINOIS.

*Opinion filed January 11, 1900.*

PRACTICE—*where no foundation in law exists for allowance of claim.* Where the record discloses no foundation in law for the allowance of claim, it is rejected.

The claimant in this case seeks recovery of one thousand dollars, rental for water power, paid in pursuance of the terms of a lease executed in April, 1900, between the State Canal Commissioners, as lessors, and the claimant as lessee; the basis or plea on which the claimant here seeks recovery being the unfortunate circumstance that the claimant's mill in which he expected to use the water power rented from the Canal Commissioners was destroyed by fire, and the water power, as a result of such fire, could not be used during the period for which one thousand dollars rent accrued. Neither in the evidence nor in the argument of claimant's attorneys is there disclosed any legal ground for recovery, nor any claim made that the sum paid (recovery of which is herein sought) was not due in accordance with the terms of the lease; nor is there any intimation that the claimant would have had a legal defense had he withheld the rent, in a suit for rent by the Canal Commissioners. It is in fact explicitly admitted in the written argument of claimant's counsel that "he was obliged to pay one thousand dollars to save his lease."

The inference may naturally be drawn that this claim is filed on the presumption that the Commissioners of

Claims may, out of the generosity of their own hearts and other peoples' money (from State funds to be appropriated by an equally generous and complacent Legislature) donate to the claimant a sum of money equal to that legally and rightfully paid to the State Canal Commissioners, in accordance with the terms of a lease voluntarily executed by the claimant.

From the fact that no legal ground of recovery is disclosed by the record, and from the language used in their argument by the claimant's attorneys, we infer that there is a misapprehension on their part, as to the scope and authority vested in this Commission by the act of the Legislature creating it.

Claimant's counsel urge that "It was not the fault of the (canal) Commissioners nor his (claimant's), and yet it is a misfortune to be felt more by him, if he has to lose than it would be by the State    *    *    *    *."

It should not be necessary to do more than call attention to this line of reasoning. What claim would ever be rejected if the assets of claimant are to be taken into account as against the resources of the State? In what court of law would it occur to an attorney, unless for unfair and unworthy appeal to prejudice, to suggest a comparison of the resources of litigants as an aid in determining legal liability? All such considerations are equally irrelevant and without weight before this Commission which was not created to give to claimants remedies against the State which could not be maintained against individuals. The Commission of Claims is not a bureau of charities, but a court, and under the law creating it must determine all claims in accordance with legal principles.

As the record disclosed no foundation in law for the allowance of this claim, it is rejected.